UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cr-00095-MOC-DLH

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DAVID WILLIAM GUNTER,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's pro se Motion for Court Assistance in his Reentry Efforts. Specifically, defendant complains that he is not receiving adequate dental care while in the custody of the Bureau of Prisons and that he needs the court to intervene with his probation officer to assure he gets proper dental care once he is released. Defendant also states that he is scheduled to be released to a halfway house this summer.

As to the medical or dental care a defendant receives is in the custody of the BOP at FCI Edgefield, South Carolina, this Court in North Carolina is without jurisdiction. If defendant is dissatisfied with the care he is receiving in the BOP, defendant is advised that he can make an administrative claim within the BOP by filing with them Standard Form 95.

Defendant also requests that the Court direct his probation officer, once he is released, to provide resources for his dental care. Review of the PSR in this matter does not reveal that defendant reported any issues with his oral health in the presentence interview process. Based on defendant's statement and the attachments to the motion, however, the Court accepts that defendant may have issues with dental hygiene based on neglect that predates his arrest in this matter. The Court will instruct that once defendant commences supervised release, the supervising

1

officer should make inquiry of defendant concerning his dental health and, if warranted, discuss with defendant what community resources (if any) are available to address such concerns.

***

Defendant is advised that this is the most this Court can do for him and that, upon release, it will be up to him to provide for his own needs through lawful employment. The Court recalls from sentencing that defendant's employer in Mars Hill told the Court that he would have a job when he was released. While those wages may well be modest, defendant (who is now a man in his 30s) should seriously consider spending his resources on things that will assist him in pursuing a *productive* life -- such as medical and dental care -- rather than on purchasing tats and illegal drugs as disclosed in the PSR. The Court is, however, encouraged by defendant's representations that he is now clean and sober.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion for Court Assistance in his Reentry Efforts (#82) is **DENIED**.

Once on supervised release, defendant's supervising officer is instructed to discuss with defendant his dental health and, if warranted, to review with defendant what community-based resources may be available to address such needs.

Signed: May 10, 2017

Max O. Cogburn Jr.
United States District Judge